UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| PATRICIA M. MAJOR JESTER,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>    Defendant. | No. CV 11-03997-VBK<br><br>MEMORANDUM OPINION<br>AND ORDER<br><br>(Social Security Case) |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issues:

1. Whether the Administrative Law Judge ("ALJ") should have

    afforded the opinion of the treating doctor greater weight
    than the opinion of the consultative examiner;

2. Whether the ALJ failed to provide clear and convincing
   reasons to reject Plaintiff's subjective limitations.

(JS at 3.)

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

**I**

**THE ALJ PROPERLY DEPRECIATED**

**THE OPINION OF PLAINTIFF'S TREATING PHYSICIAN**

In her first issue, Plaintiff disputes that portion of the ALJ's decision which accords less weight to the opinion of her treating physician, Dr. Myers, than to the opinions of two orthopedic consultative examiners ("CE"), and the medical expert ("ME") who testified at the hearing.

After exhaustively reviewing the medical evidence, the ALJ determined not to give "controlling or even great weight" to Dr. Myers' evaluation and opinion. (AR 24, opinion at 569-574; treatment notes at AR 577-650.) Several reasons are stated in the decision which include the following:

1. That Dr. Myers' opinion is contradicted by his own treatment notes;

2. That the objective medical evidence in the record did not support Dr. Myers' opinion;

3. That Dr. Myers' opinion was in conflict with the opinions of

          both orthopedic CEs; and

    4.    That the orthopedic CEs would be entitled to greater consideration because of their area of expertise.

With regard to the first reason, Dr. Myers assessed significant limitations in Plaintiff's ability to stand, sit, and stand/walk. He concluded that Plaintiff could not stand for more than one hour at a time, but during an eight-hour day, she could sit for four hours, and could stand/walk for about four hours. (AR 572.) This conclusion is contradicted by the fact, noted by the ALJ, that the medical record contains "no objective evidence from any acceptable medical sources which confirm a severe medically determinable impairment affecting the claimant's lower extremities or her lumbar spine." (AR 24.) In the briefing in this case, Plaintiff does not challenge or point to any evidence which would provide objective support for the functional restrictions assessed by Dr. Myers. But in addition, the ALJ noted that despite Plaintiff's severe pain complaints, Dr. Myers only prescribed ibuprofen for her pain. (AR 617.) This conservative treatment regimen belies an assessment that Plaintiff was in more serious or continuous pain.

The ALJ's reliance on the opinions of the orthopedic CEs instead of that of Dr. Myers, who is an internal medicine doctor, is a factor that is supported by both regulation and case law. See 20 C.F.R. § 404.1527(d)(5)("We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist."). See also Social Security Ruling ("SSR") 96-2p, and Edlund v. Massanari, 253 F.3d 1152, 1157 (9th Cir. 2001).

3

For the foregoing reasons, the Court finds that substantial evidence supported the ALJ's depreciation of Dr. Myers' opinions as to Plaintiff's functional abilities, and his heavier reliance on the opinions of the consultative examiners and the medical examiner.

## II

## THE ALJ PROPERLY ASSESSED PLAINTIFF'S CREDIBILITY
## AS TO HER SUBJECTIVE LIMITATIONS

In her decision, the ALJ found that Plaintiff's subjective pain complaints "are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (AR 22.) In making this evaluation, the ALJ relied upon certain well-established credibility criteria, which are set out in SSR 96-7p. These included the following:

1. That while Plaintiff reported some neck, shoulder and bilateral upper extremity pain, in the treating source medical records, she consistently denied neck or shoulder pain other than indicating that her neck would "pop and click."

2. While Plaintiff described her daily activities as being affected by the fact that her elbows hurt every day regardless of her activity, in contemporaneous reports to her treating physician, she repeatedly indicated there was no pain while resting, but only with activity.

3. Plaintiff conducts certain activities of daily living which would seem inconsistent with chronic pain.

4. In September 2008, Plaintiff reported chronic pain in both her upper and lower body, but throughout other State Agency

4

1       reports, she consistently denied any impairment which
2       affected her lower extremities, and there is no objective or
3       other evidence from acceptable medical sources documenting
4       a severe impairment as to her lower extremities.
5  (AR 22-23.)

7       An ALJ may not rely solely upon an inconsistency between
8  objective medical evidence and pain complaints to depreciate the
9  latter; however, the fact of contradictions or inconsistencies between
10 objective medical evidence and pain complaints may be considered as
11 one factor in the credibility analysis. See Burch v. Barnhart, 400
12 F.3d 676, 681 (9th Cir. 2005). In addressing this issue in the
13 briefing, Plaintiff notes that she did in fact report neck pain to her
14 doctors. The ALJ acknowledged that she did report such pain, but the
15 point, for credibility assessment, was that in other contemporaneous
16 reports, she failed to do so. In a situation of chronic pain, as
17 Plaintiff claims, it would be reasonable to expect consistent
18 reporting as to the existence of such pain.
19      As the ALJ noted, Plaintiff claimed in her Disability Report that
20 she suffers from depression ("I am always depressed I have difficulty
21 sleeping."). (AR 199.) Despite that, the ALJ noted that there was no
22 medical evidence in the record of any psychological or psychiatric
23 treatment, and Plaintiff was never prescribed antidepressant
24 medications. (AR 19; see also AR 21.) Plaintiff's argument is that it
25 was improper for the ALJ to reject Plaintiff's allegation of
26 depression based on the fact she had insufficient treatment prescribed
27 for it. (JS at 13-14, citing Nguyen v. Chater, 100 F.3d 1462, 1465 (9th
28 Cir. 1996.) Plaintiff's argument is misplaced, however, because the

issue here is whether an individual <u>recognizes</u> the existence of a mental impairment, such as depression. Plaintiff certainly did recognize that she had such depression. The inconsistency with regard to credibility is that she never repeated these claims to her physicians, and she never received any type of treatment whatsoever for depression. It is fair to observe that Plaintiff has an extensive medical treatment record, and so the lack of reporting, and presumably of any resulting treatment which might have been prescribed, would not be due to Plaintiff's inability to obtain medical treatment. The Court concludes that the issue concerning contradictions as to Plaintiff's depression is part of a reasonable and sustainable credibility analysis.

For the foregoing reasons, the Court finds no validity in Plaintiff's second issue.

The decision of the ALJ will be affirmed. The Complaint will be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: February 8, 2012                /s/
                                       VICTOR B. KENTON
                                       UNITED STATES MAGISTRATE JUDGE1